IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACE S., <br><br> Claimant, <br><br> v. <br><br> FRANK J. BISIGNANO, <br> Commissioner of Social Security, <br><br> Respondent. | No. 23 C 2093 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Grace S.[1] ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security[2] ("Commissioner"), denying her application for a period of disability and disability insurance benefits. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 5]. After reviewing the record and the parties' briefs, the Court grants Claimant's Motion for Summary Judgment [ECF No. 10]. This case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

1

## BACKGROUND

### I. Procedural History

On September 15, 2021, Claimant filed an application for a period of disability and disability insurance benefits, alleging a disability beginning August 17, 2021. (R.17). Her application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.17). The ALJ held a telephonic hearing on November 15, 2022, and all parties participated in the hearing by telephone. Claimant testified at the hearing and was represented by counsel, and a vocational expert also testified. (R.17). On February 24, 2022, the ALJ denied Claimant's application for disability insurance benefits, finding her not disabled under the Social Security Act. (R.17-28). The Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any

substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since August 17, 2021, the alleged disability onset date. (R.19). At step two, the ALJ found Claimant had the following severe impairments: degenerative disc disease of the lumbar spine, scoliosis, degenerative joint disease of the left hip, and obesity. (R.19). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled the severity of any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (R.20-21). Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except Claimant can lift up to ten pounds occasionally, less than ten pounds frequently, stand or walk up to two hours per eight hour work day, and sit for at least 6 hours per

3

> 8 hour workday, with normal breaks. Claimant can never kneel, crawl, climb ladders, ropes or scaffolds. Claimant can occasionally climb ramps or stairs, balance, stoop, and crouch. Claimant must avoid concentrated exposure to dangerous moving machinery and must avoid all exposure to unprotected heights.

(R.21). At step four, the ALJ found that Claimant was able to perform her past relevant work as an accounts receivable clerk. (R.26). Based on these findings, the ALJ concluded Claimant was not disabled. (R.27-28).

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching his decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category

4

of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## ANALYSIS

Claimant argues that the ALJ's decision cannot stand in this case because: (1) the ALJ's RFC assessment is not supported by substantial evidence; (2) the ALJ erred

5

in not considering the effects of her impairments on her ability to sustain anything more than unskilled work within the context of full-time employment; and (3) the ALJ erred in rejecting the opinion of her treating physician. The Court agrees with Claimant that remand is required for the reasons discussed below.

Claimant argues the ALJ's RFC assessment is not supported by substantial evidence because he did not address, among other evidence, Claimant's testimony regarding the limitations in her ability to sit, walk or stand for any extended period of time and he failed to explain how the record evidence supported his evaluation and conclusions relating to Claimant's RFC. The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart,* 362 F.3d 995, 1000-01 (7th Cir. 2004). Social Security regulations require that the RFC assessment must incorporate all of a claimant's limitations that are supported by the medical record. *Id.* at 1001; *see also* 20 C.F.R § 404.1545(a)(1). When assessing the RFC, the ALJ must point to specific evidence and explain how it led to his conclusions. *See Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir. 2011); SSR 96-8p.

In this case, the ALJ provided a summary of Claimant's medical records and discussed the treatment she received. (R.22-23). The ALJ next summarized the results of the consultative examination performed by Mahesh Shah, M.D., the opinion of Claimant's treating physician, and the opinions from the state agency physicians. (R.23-24). The ALJ stated that the opinion of Claimant's treating physician "was not persuasive," but he did not clearly state what weight he gave the consultative examination or the opinions of the state agency physicians. (R.23-24). After summarizing the medical evidence, the ALJ then simply concluded:

> Claimant was accommodated with the above sedentary residual functional capacity (RFC) except Claimant has the residual functional capacity to lift up to ten pounds occasionally, less than ten pounds frequently, stand or walk up to two hours per eight hour work day, and sit for at least 6 hours per 8 hour workday, with normal breaks. Claimant can never kneel, crawl, climb ladders, ropes or scaffolds. Claimant can occasionally climb ramps or stairs, balance, stoop, and crouch. Claimant must avoid concentrated exposure to dangerous moving machinery and must avoid all exposure to unprotected heights.

(R.25).

After that conclusory statement, the ALJ then identified some specific treatment records from two separate examination and cited certain records that document "no pain" and normal examinations, but he did not explain the significance of these records and how or why they supported his assessment. (R.25). The ALJ also restated the results of an MRI performed on September 1, 2021. (R.26). Discussing the objective findings of an x-ray or MRI, however, does not provide the requisite explanation as to how or why those results impact Claimant's functionality or how the ALJ evaluated those findings and if they were incorporated into Claimant's RFC. The ALJ also noted that treatment records show that physical therapy helped reduce

7

Claimant's pain and that she did not take pain medication on a regular basis (R.26). Those are factual statements gleaned from Claimant's medical records, but they do not explain *how* the medical evidence supported the ALJ's RFC assessment and *why* he included additional limitations, and the Court cannot speculate.

The Court recognizes that when explaining his decision, an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but he must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The law requires that an ALJ's explanation "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). In the Court's view, the ALJ did not say enough here, and the Court agrees with Claimant that the ALJ's explanation for his decision in this case is legally insufficient. This does not mean the Court agrees with Claimant that she is disabled and cannot work within the meaning of the applicable law. Rather, it only means that the ALJ did not explain his decisional process or his analysis of the record evidence sufficiently for the Court to be able to conclude that his ultimate decision is supported by substantial evidence under the controlling standard of review.

The ALJ's chronological summary of Claimant's medical records, treatment history accompanied by a conclusory statement that "Claimant's degenerative disc disease of the lumbar spine, scoliosis, degenerative joint disease of the left hip, obesity, and nonsevere impairments were considered and accommodated in the above sedentary RFC" (R.25) — without any explanation about how the objective medical

8

evidence in conjunction with Claimant's complaints have been taken into account — is not legally sufficient and does not provide any logical bridge between the evidence and the ALJ's RFC assessment.

The ALJ also failed to address contrary evidence in the record or Claimant's testimony that did not support his conclusions. The law is clear that an ALJ may not "cherry pick" evidence that supports his conclusions and not address contrary evidence that could support a claimant's complaints. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (holding that an ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding).

For example, there is evidence in the record with regard to Claimant's degenerative disc disease of the lumbar spine and scoliosis that shows she has presented several times with chronic low back pain that is exacerbated by prolonged walking. (R.23-24); *see also* (R.310, 377, 459, 461-62). With regard to her degenerative joint disease of the left hip, examinations have revealed decreased range of motion, despite treatment. (R.23); *see also* (R.331, 335, 542). At the consultative examination performed by Dr. Shah in February 2022, the examination revealed discomfort in the back while lying down and getting up from lying down position, and tenderness in the lumbar region. (R.23). Lumbar flexion and extension were reduced, more on the left than the right, and straight leg raising was positive, worse on the left, and that examination of the left hip revealed marked tenderness and that left hip flexion was 30 degrees and abduction was ten degrees. (R.23). Dr. Shah also noted that Claimant

walked with a limp and was using a cane for ambulation. (R.23). Claimant argues this evidence supported her claims of disability and work-preclusive limitations, but the ALJ did not address how he evaluated this evidence, and, again, the Court cannot speculate about what may have been in the ALJ's mind.

The ALJ also failed to address any of Claimant's testimony in which she discussed her pain and limitations in her ability to walk or stand for any extended period of time and also her ability to sit. (R.48-49). The Court notes Claimant testified that, on bad days, her pain is about an eight out of ten. (R.57). The ALJ did not address Claimant's testimony that she cannot sit, stand or walk for more than 10 minutes and that she often has to lie on her stomach to relieve her pain and that she lies in bed 90 percent of the day. (R.48-49; 55). Claimant also testified that she experienced side effects from the pain medication which impacted her ability to focus and concentrate. (R.48-49). The ALJ may not have been persuaded by Claimant's testimony, but he did not say so one way or another, and the Court cannot speculate.

The Court is mindful of the deference that is owed to the ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). When an ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," as is the case here, the case must be remanded. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Because ALJ did not explain how the medical evidence supported his RFC assessment and why he was not

persuaded by Claimant's testimony, the Court cannot connect the dots to determine whether there is substantial evidence to support those conclusions, and the Court will not speculate about that important issue. Therefore, remand is required.

Because this Court is remanding this case for the reasons discusses above, the Court declines to substantively address Claimant's other arguments that the ALJ did not properly credit the opinion of her treating physician and failed to consider the effects of her alleged non-exertional impairments on her ability to sustain anything more than unskilled work within the context of full-time employment. The Court is not expressing any opinion about the decision to be made on remand as to what weight, if any, to give the opinion of Claimant's treating physician or how to evaluate Claimant's alleged limitations to perform skilled work, but the Court encourages the ALJ to consider Claimant's arguments and to do what is necessary to build a logical bridge between the evidence in the record and the ALJ's ultimate conclusions, whatever those conclusions may be. *See Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions.").

Finally, the Court cautions Clamant not to read more into this decision than the Court intends. Based on evidence in the record that suggests Claimant stopped working because she was let go from her job, that she thereafter searched for other jobs, and that she does not take pain medication frequently and physical therapy helped reduce her pain, the Court understands why the ALJ found that Claimant

11

may not be as disabled as she claims to be. In the Court's view, however, under applicable law, the ALJ was required to provide more explanation of why he reached that decision and a logical bridge between the evidence and his ultimate findings to show that his decision is supported by substantial evidence. On the present record, however, the Court cannot perform its appellate review function consistent with controlling law, and that is why the case is being remanded to the Commissioner.

## CONCLUSION

Accordingly, for all the reasons set forth above, Claimant's Motion for Summary Judgment [ECF No. 10] is granted. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 10, 2025